UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JESUS SANCHEZ, | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   No.: 19-cv-1097-JBM |
| | ) |
| WEXFORD HEALTH SOURCES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs at the Pontiac Correctional Center ("Pontiac"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted).  While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff discloses that he requires corrective lenses for a vision problem not particularly identified.  Plaintiff claims that he must have contact lenses as he experiences headaches, blurred vision and dizziness when wearing eyeglasses.  Plaintiff claims that, despite knowing of this, Defendant Optometrist Dr. Kehoe and Defendant Dr. Tilden have denied him contact lenses and provided him only eyeglasses.

1

Plaintiff asserts that on October 5, 2017, and again on October 4, 2018, Defendant Kehoe referred him to neuro-ophthalmologist Dr. Vazenzuela at the University of Illinois-Chicago Hospital ("UIC"). When Dr. Vazenzuela saw him on the second occasion, he recommended that Plaintiff be given contact lenses instead of eyeglasses and return to clinic after this was done. Plaintiff asserts that Defendants Kehoe and Tilden did not follow this recommendation but, instead, sent him to Wyatt Messenger at UIC for a further examination. Plaintiff does not identify Wyatt Messenger by title and it is unclear whether he was a physician, an optometrist or someone acting in a different capacity.

On December 7, 2018, Mr. Messenger saw Plaintiff and determined that he could, indeed, tolerate eyeglasses. Defendant Kehoe thereafter met with Plaintiff, telling him that Defendant Tilden had denied the contact lenses. Defendant Kehoe indicated that this was done under the IDOC applicable contact lens policy as there was no demonstrated need for contact lenses. Plaintiff asserts that Defendants' denial exhibited deliberate indifference as he can wear eyeglasses for only 5-15 minutes before experiencing headaches, blurred vision and dizziness. He claims, further, that Defendants were obligated to provide contact lenses once they had been recommended by the specialist.

Here, however, Plaintiff might have a hard time establishing that Defendants Kehoe and Tilden had the culpable state of mind necessary to reach the level of deliberate indifference, as one apparent medical professional determined that he could wear eyeglasses. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (for deliberate indifference a defendant must have known of a substantial risk of harm to plaintiff and disregarded that risk). While Defendants Tilden and Kehoe might be culpable if they blindly followed a policy which resulted in constitutional injury to Plaintiff, there is no culpability if Defendants based the denial on well-

reasoned opinions that contact lenses were not medically required. *See Snipes v. Detella*, 95 F.3d 586, 590-591 (7th Cir. 1996) (plaintiff's mere disagreement with the treatment provided fails to establish deliberate indifference). Given the uncertainty mentioned earlier, Plaintiff's allegations are insufficient to state a plausible claim against Defendants Tilden and Kehoe and are DISMISSED. However, Plaintiff will be given the opportunity to replead this claim.

Plaintiff also names IDOC Medical Director Meeks asserting that Meeks applied the IDOC policy to limit the decision-making authority of on-site medical directors and to limit the number of inmates who could receive contact lenses. Plaintiff asserts that these actions violated the Eighth Amendment and also violated state law "implied authority." Implied authority, however, is a species of respondeat superior wherein the principal may become liable for the tortious acts of one to whom he has impliedly given authority. *People v. Gill*, 30 Ill. App. 2d 32, 48, 173 N.E.2d 568, 576 (1st Dist. 1961) (the doctrine of respondeat superior doctrine was expanded to include cases in which "a principal became liable for the tortious acts of his agent committed in the course of the latter's employment and within the scope of his authority.") There is, however, no respondeat superior liability in a § 1983 case and this claim is DISMISSED with prejudice.

While Plaintiff asserts that Defendant Meeks violated his Eighth Amendment rights in the application of the contact lens policy, he does not allege that Defendant was aware of his particular situation or that he personally participated in the decision to deny the contact lenses. "A prison official may not be held liable under § 1983 unless he was personally involved in the constitutional violation, which means that he or she 'must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye'…A defendant may not be held liable simply because he supervised others who violated the plaintiff's rights." *Kramer v. Wisconsin Dep't of*

*Corr.*, 10-CV-224-SLC, 2011 WL 13187095, at *5 (W.D. Wis. July 26, 2011), *on reconsideration in part,* 10-CV-224-SLC, 2011 WL 13187128 (W.D. Wis. Aug. 8, 2011), and *aff'd sub nom. Kramer v. Pollard*, 497 Fed. Appx. 639 (7th Cir. 2012) (internal citations omitted). Plaintiff's Eighth Amendment claim against Defendant Meeks is DISMISSED, though he will be given an opportunity to replead.

As to Wexford, Plaintiff makes conclusory claims that it had a policy which made costs savings the primary focus of the on-site medical directors. He does not identify a specific Wexford costs savings policy and it is not clear whether he is speaking of an additional policy or referring to the IDOC contact lens policy. If so, he does not explain how Wexford would be liable for an IDOC policy. *See Salcedo-Vazquez v. Nwaobasi*, No. 13- 606, 2015 WL 7177231, at *7 (S.D. Ill. Nov. 16, 2015) (to be liable Wexford must have had an unconstitutional policy, practice or custom which caused the constitutional deprivation), citing *Shields v. Ill. Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 1024 (2015). Plaintiff's claim against Wexford is DISMISSED though he will be given an opportunity to replead.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead his claims consistent with the instructions in this order. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2. Plaintiff's Motion for Status [9] is rendered MOOT.

ENTERED: 7/17/2019

      s/ Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE